IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NANCY MADER, Personal Representative of the Estate of ROBERT MADER, | ) ) ) ) | Case No. 8:08-cv-119 |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT AND PLACE OF TRIAL DESIGNATION** |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff by and through her counsel, and for her cause of action against the Defendant alleges as follows:

**I.**

**JURISDICTION AND VENUE**

1.   This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.  This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

2.   Prior to the institution of this action and more than six months ago, Plaintiff filed her claim with the United States Department of Veteran Affairs, as required by 28 U.S.C. § 2675(a).  The Department of Veteran Affairs denied the claim on September 19, 2007, and accordingly, the Plaintiff has elected to file suit pursuant to statute.

3.   The Plaintiff, Nancy Mader, resides at 1813 North Hancock Avenue, Grand Island, Nebraska 68803.

4.   Defendant, United States of America, will be served through the United States Attorney General, Department of Justice, 10th and Pennsylvania Avenue NW,

Washington, DC 20530 and through the United States Attorney Civil Process Clerk, 1620 Dodge Street, Suite 1400, Omaha, Nebraska 68102.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1402(b) because the cause of action arose within the District of Nebraska.

## II.

## GENERAL ALLEGATIONS

6. At all times relevant to this action, the Plaintiff and her decedent resided within the District of Nebraska.

7. At all times relevant hereto, the Defendant, United States of America owned and operated the VA Central Plains Health Network, also known as the VA Nebraska Western Iowa Health Care System-Lincoln Division (hereinafter referred to as "Lincoln VAMC").

8. At all times relevant to this action, the agents, servants, employees and personnel of the Defendant, United States of America, were acting within the course and scope of their employment in providing medical care and treatment to Robert Mader, the Decedent herein, a veteran of the United States Armed Forces, who was entitled to such care and treatment.

9. During the course of said treatment, the Decedent, who has been diagnosed with a history of depression and paranoia and who had prior heart problems, was instructed to taper off his previously prescribed medicine of Paxil and to take ½ a tab for one week and then to stop entirely and to begin taking Seroquel; that said instruction was received by the Decedent from Dr. Ruth Schmidtmayr, an employee of

the Defendant, on or about May 28, 2004; that the Decedent followed said recommendation.

10. That on or about August 3, 2004, the Decedent was the victim of a self inflicted gun shot wound, approximately 2 months after he was instructed to stop taking the previously prescribed medication of Paxil.

### III.

### NEGLIGENCE

11. Plaintiff alleges that agents or employees of the Defendant at the Lincoln VAMC deviated from the appropriate standards of medical care in providing medical treatment to the Decedent in the following respects:

   a) In failing to use the appropriate standard of care in the circumstances;

   b) In failing to act as reasonable physicians under the circumstances then and there existing;

   c) In failing to use the degree of skill, care and learning ordinarily possessed and exercised by psychiatrists and not merely the average skill and care of a general practitioner;

   d) In failing to use the degree of skill, care and learning ordinarily possessed and exercised by other psychiatrists under similar circumstances.

   e) In failing to meet the standard of care in the ongoing treatment of the Plaintiff;

   f) In the negligent reduction of the Paxil within a one week period of time, in contradiction of accepted medical practices relative to taking a patient off of said medication after a long period of use; and

   g) In committing other negligent acts or omissions in violation of the applicable standards of medical care.

12. That the Defendant owed the Decedent a duty to exercise reasonable care for the protection of his health and life, including the prevention of self-inflicted harm.

13. That the Defendant breached this duty to the Decedent to protect his health and life, including the prevention of self-inflicted harm, when it knew or should have known that taking him off of Paxil over a short period of time would lead to significant consequences, including the possibility that the Decedent would inflict harm upon himself.

14. That the injury and death suffered by the Decedent was the direct and proximate result of the acts and omissions of the Defendant's agents, representatives and/or employees as set forth above.

## IV.

## DAMAGES

15. As a direct and proximate result of the aforementioned acts of negligence the Plaintiff has suffered damages, including the following:

   a) Medical and funeral expenses resulting from the wrongful death of her Decedent;

   b) The loss of society, comfort and companionship, due to the death of her Decedent; and

   c) Such other pecuniary loss as the Plaintiff may prove at trial.

WHEREFORE, the Plaintiff requests judgment against the Defendant in the amount of $750,000.00, and costs.

**PLACE OF TRIAL DESIGNATION**

Plaintiff designates Omaha, Nebraska as the place of trial.

DATED this 18th day of March, 2008.

                              NANCY MADER, Personal Representative
                              of the Estate of Robert Mader, Plaintiff

By: s/John P. Ellis
    John P. Ellis - #16828
    D.C. Bradford - #10402
    BRADFORD & COENEN LLC
    First National Center
    1620 Dodge Street, Suite 1800
    Omaha, Nebraska 68102-1505
    (402) 342-4200 Telephone
    (402) 342-4202 Facsimile
    jellis@bradfordcoenen.com
    wbradford@bradfordcoenen.com