IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NANCY MADER, Personal Representative of the Estate of Robert Mader, | ) CASE NO. 8:08CV119 ) ) ) |
| Plaintiff, | ) MEMORANDUM ) AND ORDER |
| v. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

This matter is before the Court on Defendant's Motion to Dismiss ("Motion") pursuant to Fed. R. Civ. Pro. 12(b)(1). *See* Filing No. 15. The Court has reviewed the record and applicable law, and, accordingly, the Court finds that Plaintiff's case should be dismissed without prejudice.

## STANDARD OF REVIEW

"[A]t issue in a factual 12(b)(1) motion is the trial court's [subject matter] jurisdiction - its very power to hear the case. . . ." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). "The burden of proving subject matter jurisdiction falls on the plaintiff." *VS Ltd. P'ship v. Dep't of Hous. and Urban Dev.,* 235 F.3d 1109, 1112 (8th Cir. 2000) (citation omitted). Although dismissal will not be granted lightly, "[d]ismissal is proper . . . when a facial attack on a complaint's alleged basis for subject matter jurisdiction shows there is no basis for jurisdiction." *Wheeler v. St. Louis Southwestern Ry. Co.,* 90 F.3d 327, 329 (8th Cir. 1996).

In contrast to a Rule 12(b)(6) motion, "[t]he district court has the authority to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under [Rule] 12(b)(1)." *Drevlow v. Lutheran Church, Mo. Synod,* 991 F.2d 468, 470 (8th Cir. 1993). "[T]here is substantial authority that the trial court is free to weigh the evidence

and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Osborn*, 918 F.2d at 730. "Because jurisdiction is a threshold issue for the court, the district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached." *Bellecourt v. U.S.*, 994 F.2d 427, 430 (8th Cir. 1993)(internal quotations and citation omitted).

## BACKGROUND

This is a Federal Tort Claims Act ("FTCA") action brought by Nancy Mader, Personal Representative of the estate of Robert Mader, seeking monetary damages for allegedly negligent care rendered to Mrs. Mader's husband, Robert Mader, by employees of the Department of Veterans Affairs Medical Center ("VAMC") in Lincoln, Nebraska. *See* Filing 1. Specifically, Mrs. Mader alleges that VAMC employees failed to use the appropriate standard of care when they instructed Mr. Mader to "taper off" his previously prescribed medicine of Paxil and instead begin taking Seroquel. *Id.* at ¶¶ 9, 11. Mrs. Mader alleges that as a result of the VAMC's employees' negligent actions, Mr. Mader committed suicide on August 3, 2004, approximately two months after the alleged negligent action. *Id.* at ¶ 10.

Prior to his death, Mr. Mader had been diagnosed with depression and paranoia, and he had a history of heart problems. Filing 1, ¶ 9. Because he was a veteran of the United States Armed Forces, he was entitled to treatment and medical care at the VAMC. *Id.* On or about May 28, 3004, Dr. Ruth Schmidtmayr, an employee of the VAMC, instructed Mr. Mader to taper off his previously prescribed medicine of Paxil by taking ½

tablet daily for one week and then stopping entirely; he was then instructed to begin taking Seroquel. *Id.* Mr. Mader followed this recommendation. *Id.* On or about August 3, 2004, Mr. Mader died due to a self-inflicted gunshot wound to the head. *Id.* at ¶ 10.

On or about August 3, 2006, Mrs. Mader submitted a Standard Form 95, Claim for Damage, Injury, or Death to the Department of Veterans Affairs ("VA") with the claimant listed as "Nancy L. Mader Personal Representative of the Estate of Robert L. Mader, Deceased". Filing No. 17 at 2. The form was signed by "John P. Ellis, Attorney for Claimant". *Id.* The claim form alleged that a VAMC physician "deviated from the standard of care by abruptly taking the deceased off the drug Paxil." *Id.* Further, the claim argued that this negligence led to Mr. Mader's suicide on August 3, 2004. *Id.*

While Mrs. Mader did submit a claim form, she failed to submit proof of her status as Personal Representative of the estate of Robert L. Mader. *Id.* at 3. Mrs. Mader's claim also did not include any proof of Ellis's authority to bring a claim on her behalf. *Id.* By letter dated August 21, 2006, the VA Regional Counsel's Office requested that Ellis provide proof of Mrs. Mader's status as Personal Representative of the estate of Robert L. Mader and proof of Ellis's authority to bring a claim on her behalf. Filing No. 16, Pullum Decl. ¶ 6. Paul Pullum, Staff Attorney with the VA Regional Counsel's Office, telephoned Ellis on at least four occasions to request the information referenced in the August 21, 2006, letter. *See id.* at ¶¶ 7a-d.

Defendant's evidentiary submissions demonstrate – and Plaintiff does not dispute – that Ellis never responded to the VA's letter of August 21, 2006, nor to any of the follow-up voice mail messages. Filing No. 17 at 4. Ellis never provided proof of Mrs. Mader's status as Personal Representative of the estate of Robert L. Mader or proof of his

own authority to bring a claim on her behalf. Ellis did not contact the VA nor provide any of the requested documentation after filing the claim on August 3, 2006. *Id.*

On September 19, 2007, the VA Regional Counsel denied Mrs. Mader's administrative tort claim due to her failure to submit a perfected claim. *Id.* at 4. The Counsel denied the claim based on Ellis's failure to provide proof of both Mrs. Mader's status as Personal Representative of the estate of Robert L. Mader and Ellis's own authority to bring a claim on behalf of Mrs. Mader. *Id.* at 4-5. The Counsel also denied the claim because an investigation allegedly revealed no negligence on the part of the VA health care practitioners who rendered care to Mr. Mader. Filing No. 16, Pullum Decl. at ¶ 8 & Attch. D.

On March 18, 2008, Mrs. Mader filed her Complaint in this action. Filing No. 1.

## STATEMENT OF ISSUES

Defendant asserts that this Court lacks subject matter jurisdiction over Mrs. Mader's claim because she never presented a "claim" to the agency prior to instituting this action in the United States District Court, District of Nebraska. Title 28 U.S.C. § 2675(a) provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail . . . ." Thus the issue presented to this Court is whether Mrs. Mader presented an adequate "claim" to the VA, fully satisfying the procedural requirements of 28 U.S.C. § 2675(a).

**LAW & DISCUSSION**

The Court has reviewed the issues and applicable law, and concludes that because Mrs. Mader did not present a "claim" in compliance with 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a), the Court has no subject matter jurisdiction over her FTCA claim. The Court, therefore, will dismiss her claim without prejudice.

It is well established that the United States is immune from suit unless it expressly waives its sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Indeed, "[s]overeign immunity is jurisdictional in nature." *Id.* The FTCA constitutes a waiver of the government's sovereign immunity. *See* 28 U.S.C. § 2671 *et seq.* This waiver of sovereign immunity, however, is conditional upon a plaintiff's satisfaction of the procedural requirements found in 28 U.S.C. § 2675(a). *See Bellecourt v. U.S.*, 994 F.2d 427, 430 (8th Cir. 1993)("The FTCA is a limited waiver of sovereign immunity which requires compliance with the conditions enacted by Congress. These conditions are construed narrowly and include the requirement that before filing an FTCA action the claimant "present" an administrative claim . . . and that the claim be finally denied.")(citing 28 U.S.C. § 2675(a)). The Eighth Circuit has held that the administrative exhaustion requirement of 28 U.S.C. 2675(a) is jurisdictional. *Melo v. U.S.*, 505 F.2d 1026, 1028 (8th Cir. 1974); *Korgel v. U.S.*, 619 F.2d 16, 17, n.2 (8th Cir. 1980)("Compliance with § 2675(a) procedures is an absolute prerequisite to maintenance of an action under the FTCA."). Because Mrs. Mader failed to exhaust the administrative requirements of 28 U.S.C. § 2675(a), this Court does not have subject matter jurisdiction to reach the merits of her claim.

Mrs. Mader has not complied with § 2675(a) procedures because the "claim" she presented to the VA did not fully satisfy the regulatory requirements of 28 C.F.R. § 14.2(a).

The Department of Justice has promulgated regulations that define the conditions upon which a "claim" may be "deemed to have been presented" to a federal agency.  Notably, the regulation stipulates that:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and **2675**, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; ***and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent***, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a)(emphasis added).  Under the Justice Department's regulation, "a 'claim' has four elements: (i) notification of the incident; (ii) a demand for a sum certain; (iii) the title or capacity of the person signing; and (iv) evidence of this person's authority to represent the claimant." *Kanar v. U.S.*, 118 F.3d 527, 528 (7th Cir. 1997).  Mrs. Mader's claim, therefore, falls short of establishing all four of the necessary elements; her claim included no evidence to substantiate her authority to represent the Estate of Robert Mader, nor did it include any evidence to substantiate Ellis's authority to represent her.  In light of the requirements found in 28 C.F.R. § 14.2(a), Mrs. Mader's claim is not "deemed to have been presented," to the federal agency, and consequently, she has failed to meet the jurisdictional procedural requirements of 28 U.S.C. § 2675(a). *See Lunsford v. U.S.*, 570 F.2d 221, 226 (8th Cir. 1977)("[W]e find that the administrative claims inadequately presented the claims . . . because they failed to demonstrate the existence of the necessary agency relationship.").

Mrs. Mader argues that this Court should depart from the Eighth Circuit Court of Appeals' holding that 28 C.F.R. § 14.2(a) supplies the definition of "claims" for purposes

of § 2675(a)[1] – instead suggesting that the Court follow the precedent of four other circuits that have held "minimal notice" substantiates a § 2675(a) statutory claim.[2] After reviewing the applicable Eighth Circuit law and legislative history of § 2675(a), however, this Court declines to adopt Mrs. Mader's suggested interpretation. This Court is not "willing to disregard a regulation that the Attorney General promulgated with statutory authority." *Kanar*, 118 F.3d at 529. Instead, this Court agrees with the *Lunsford* and *Kanar* Courts that the Justice Department's "regulation supplies the definition of a 'claim.'" *Id.* (citing *Lunsford v. U.S.*, 570 F.2d 221, 225-27 (8th Cir.1977)); *see also Lock v. Holinka,* No. 07-2008*,* 2008 WL 4057220, at * 11 (D.Minn., Aug. 26, 2008)(concurring with the *Lunsford* Court that failure to satisfy the requirements of 28 C.F.R. § 14.2 compels the Court to conclude that the Plaintiff "never presented a federal tort claim to the appropriate federal agency as required by the FTCA.").

The legislative history behind Congress's enactment of § 2675(a) supports this interpretation. "Congressional intent in enacting the administrative exhaustion requirement

---

[1] See *Lunsford*, at 225-227. The Seventh Circuit Court of Appeals has also held that "the regulation supplies the definition of a 'claim.'" *Kanar*, 118 F.3d at 529 (citing *Lunsford v. U.S.*, 570 F.2d 221, 225-27 (8th Cir.1977)).

[2] Four circuits have held that "minimal notice" creates a statutory "claim" for § 2675(a) purposes. *See Adams v. U.S.*, 615 F.2d 284, 290, n.10 (5th Cir.1980)("The portion of 28 C.F.R. s 14.2 that provides that 'a claim shall be deemed to have been presented' does not, as the regulation clearly indicates, refer to presenting a claim for jurisdictional purposes pursuant to section 2675."); *Douglas v. United States*, 658 F.2d 445, 447-48 (6th Cir.1981)("These regulations, however, govern administrative settlement proceedings; they do not set federal jurisdictional prerequisites."); *Warren v. Dep. of the Interior Bureau of Land Mgmt.*, 724 F.2d 776 (9th Cir.1984) (en banc)("We find the relevant statutes and their legislative histories reveal that Congress did not intend to treat regulations promulgated pursuant to section 2672 as jurisdictional prerequisites under section 2675(a)."); *GAF Corp. v. U.S.*, 818 F.2d 901, 920 (D.C.Cir.1987)("[W]e hold that Congress has not delegated to the agencies the power to determine, by regulation, the jurisdiction of Article III courts under the Act.").

[§ 2675(a)] was to improve and expedite disposition of monetary claims against the Government by establishing a system for prelitigation settlement, to enable consideration of claims by the agency having the best information concerning the incident, and to ease court congestion and avoid unnecessary litigation." *Lunsford* 570 F.2d at 224-25 (citing S.Rep.No.1327, 89th Cong., 2d Sess. 3, reprinted in (1966) U.S.Code Cong. & Admin.News p. 2515; H.R.Rep.No.1532, 89th Cong., 2d Sess. 4 (1966)). To achieve these congressional purposes, the Department of Justice has promulgated several regulations, including 28 C.F.R. § 14.2(a). *Id.* at 225 (citing 28 C.F.R. s 14.1 *et seq.*). The requirement that Mrs. Mader concurrently file the requisite evidence of her capacity as the Estate's Representative and her lawyer's authority to represent her, therefore, is one of the four requirements the Justice Department has promulgated in furtherance of the congressional purposes underlying the enactment of § 2675(a). "Since the major reason for the administrative claim requirement is to facilitate settlement of cases, we feel it necessary to require that the existence of such authority be asserted **contemporaneously** with the filing of the claim by one who files on behalf of a claimant. In the absence of an assertion of such authority the ability of the United States to negotiate a settlement is impeded." *Id.* at 226 (emphasis added).

It is also noteworthy that the Government gave Mrs. Mader ample opportunity to comply with the requirements of 28 C.F.R. § 14.2(a). The Government sent Mrs. Mader's attorney a letter informing him of the information missing from her claim, and neither Mrs. Mader nor her attorney responded. The Government also left four voice mail messages with Mrs. Mader's attorney. Neither Mrs. Mader nor her attorney provided the necessary information and neither contacted the VA to offer an explanation for their failure to do so.

The Government, in its brief filed in support of this Motion, has provided extensive documentation of its attempts to extract the required evidence of Mrs. Mader's capacity as the Estate's Representative and her lawyer's agency authority. Mrs. Mader has offered no explanation for her continued failure to comply with the procedural requirements of § 2675(a) and 28 C.F.R. § 14.2(a). Instead, she merely contends she is not required to do so. The Court finds that argument without merit. Like the plaintiff in *Kanar,* Mrs. Mader "was instructed to forward the necessary evidence" to the VA. *Kanar*, 118 F.3d at 531. "Had [Plaintiff] promptly submitted what the agency called for, we would be inclined to treat [her] original papers as close enough to a 'claim' to count." *Id.* Her continued refusal to comply, however, compels this Court to conclude that she has failed to submit a "claim" to the VA in compliance with § 2675(a). This Court, consequently, has no subject matter jurisdiction over Mrs. Mader's FTCA claim.

## CONCLUSION

For the aforementioned reasons, the Court finds that Mrs. Mader failed to satisfy the jurisdictional requirements of 28 U.S.C. 2675(a); the Court, consequently, has no subject matter jurisdiction over her FTCA claim. Accordingly, Defendant's Motion is granted and Plaintiff's case is dismissed without prejudice.

IT IS ORDERED:

1. Defendant's Motion to Dismiss (Filing No. 15) is granted; and
2. The above-captioned case is dismissed, without prejudice.

DATED this 2nd day of December, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge